UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

GEORGIA FRASER, individually, and
LAMBERT FRASER, individually,

    Plaintiffs,

v.

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC, a foreign
limited liability company,                        **JURY DEMAND**

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiffs GEORGIA FRASER and LAMBERT FRASER allege violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act Fla. Stat. § 559.55 *et seq.* ("FCCPA"), against Defendant RECEIVABLES PERFORMANCE MANAGEMENT, LLC. Plaintiffs allege that Defendant incessantly and unlawfully called Plaintiffs' cellular telephones using an automatic telephone dialing system (i.e. "auto-dialer") and pre-recorded or artificial voice messages.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq.*, as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and

because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiffs reside here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiffs LAMBERT FRASER and GEORGIA FRASER are natural persons and citizens of the State of Florida, residing in Broward County, Florida. Said Plaintiffs are the cellular account holders and owners, and have dominion over the cellular telephones that Defendant was calling.

6. Defendant RECEIVABLES PERFORMANCE MANAGEMENT, LLC ("RPM") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 20816 44th Ave. West, Lynnwood, WA 98036, and is a citizen of the State of Washington.

7. Defendant RPM regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

8. Defendant RPM regularly collects or attempt to collect consumer debts for other persons.

9. Defendant RPM is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Prior to September of 2011, the Plaintiffs resided in New York, where they had an entertainment system with services provided by DIRECTV, a direct broadcast satellite television company, installed in their residence.

11. This service was for primarily personal, household, and family purposes, to wit: home television.

12. In September of 2011, the Plaintiffs moved away from New York and traveled to Florida, where they now permanently reside. Plaintiffs contemporaneously discontinued their New York DIRECTV service upon moving.

13. In 2012, the Plaintiffs began receiving automated telephone calls on their cellular telephones from the Defendant.

14. Upon answering any of these calls, Plaintiffs were greeted by either: (a) a machine-operated voice advising her that the call was regarding a "personal business matter," and asking the recipient to return the call by dialing a toll-free number, or (b) a noticeable delay while the caller's telephone system attempted to connect the recipient to a live operator.

15. When either Plaintiff answered any of these calls and was connected to a live operator, the operator advised that he or she was calling on behalf of RPM to collect a balance allegedly owed to DIRECTV in relation to their New York DIRECTV service.

16. Further, upon returning any of the phone calls by calling the toll-free number provided by the machine-operated voice, Plaintiffs were greeted by a recording advising that he had called RPM.

17. Defendants' method of contacting Plaintiffs is indicative of their ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008), In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

18. Defendant has called the Plaintiffs' cellular telephones dozens of times in their efforts to collect the alleged balance.

19. Plaintiffs aver that in spite of numerous requests to stop Defendant's constant barrage of telephone calls, Defendant persist on calling Plaintiffs' cellular telephone.

20. In sum, Defendant made numerous telephone calls to Plaintiffs' cellular telephone, each of which was made using either an automatic telephone dialing system or an artificial or pre-recorded voice.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiffs incorporate paragraphs 1 through 20 herein.

22. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by placing telephone calls to Plaintiffs' cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiffs LAMBERT FRASER and GEORGIA FRASER requests that the Court enter judgment in favor of Plaintiffs and against Defendant RECEIVABLES PERFORMANCE MANAGEMENT, LLC for:

a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c. a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiffs' cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

  e. litigation expenses and costs of the instant suit; and

  f. such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiffs incorporate paragraphs 1 through 20 herein.

24. Defendants violated the TCPA by placing telephone calls to Plaintiffs' cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice. These actions further violated the Plaintiffs' rights under the FDCPA pursuant to 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5). See Clark v. Weltman, Weinberg & Reis, Co., L.P.A., 2010 WL 2803975, at *2 (S.D. Fla. July 15, 2010) (holding that allegations which support a cause of action under the TCPA may also support a violation of the FDCPA).

WHEREFORE, Plaintiffs LAMBERT FRASER and GEORGIA FRASER requests that the Court enter judgment in favor of Plaintiffs and against Defendant RECEIVABLES PERFORMANCE MANAGEMENT for:

  a. actual damages;

  b. statutory damages of $1,000.00;

  c. attorney's fees, litigation expenses, and costs of the instant suit, and;

  d. such other or further relief as the Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

25. Plaintiffs incorporate paragraphs 1 through 20 herein.

26. Pursuant to Florida law, Plaintiffs seek a declaration that Defendant's practices are in violation of the FCCPA, including but not limited to Fla. Stat. § 559.72(7), which states

that it is a violation to "[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

WHEREFORE, Plaintiffs LAMBERT FRASER and GEORGIA FRASER requests that the Court enter judgment in favor of Plaintiffs and against Defendant RECEIVABLES PERFORMANCE MANAGEMENT for:

a. actual damages;

b. statutory damages of $1,000.00;

c. a permanent injunction prohibiting Defendant calling Plaintiffs regarding the alleged debt;

d. attorney's fees, litigation expenses, and costs of the instant suit, and;

e. such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated this 27th day of March, 2013.

                                            BRET L. LUSSKIN, Esq.
                                            *Attorney for Plaintiffs*
                                            1001 N. Federal Hwy., Ste 106
                                            Hallandale Beach, Florida 33009
                                            Telephone: (954) 454-5841
                                            Facsimile: (954) 454-5844
                                            blusskin@lusskinlaw.com

                                   By:  /s/ Bret L. Lusskin, Esq.
                                         Bret L. Lusskin, Esq.
                                         Florida Bar No. 28069